An wold W. Proskiw, J.
The defendant moves this court for an order granting discovery and inspection of any and all tapes, transcripts and manuscripts of any telephone conversations which conversations were monitored with electronic eavesdropping and devices under authority of an eavesdropping warrant issued by this court on March 21, 1974, authorizing eavesdropping of communications of one Peter Simonian. The motion is made under CPL 700:50 (subd. 3) and title 18 of the United States Code which statute is substantially similar to the Criminal Procedure Law provisions.
The defendant’s motion papers state that no notice was served upon the defendant personally pursuant to CPL 700.50 (subd. 3), informing him that an eavesdropping warrant had been issued or that conversations had been intercepted, but that the defendant’s attorney has been provided a copy of the warrant and application. The People oppose the motion, arguing that a condition precedent to the granting of an order of disclosure which the defendant seeks is personal service of a written notice that a warrant was issued, as set forth in CPL 700.50 (subd. 3), and that therefore the defendant’s motion is prema? ture.
The court has read the defendant’s memorandum of law and has determined that, were this defendant the person whose conversations had been the subject of the warrant issued on March 21, 1974, or one who had been affected by an amendment of that order under CPL 700.65 (subd. 4), he would be entitled to the relief sought. The defendant-movant, however, was not named in the warrant and, upon this factual setting, I hold that the decisions of other courts cited by the defendant do not apply. (See, e.g., People v. D’Amico, 37 A D 2d 730; People v. Castania, 73 Misc 2d 166; People v. Tartt, 71 Misc 2d 955; People v. Holder, 69 Misc 2d 863; cf. People v. Palozzi, 44 A D 2d 224.) In the event that this defendant is .served with a notice pursuant to CPL 700.50 (subd. 3), he will have the necessary standing to *339 renew this motion. The fact that the defendant’s attorney appears to have knowledge that a warrant was issued does not relieve the People of1 giving a 90-day notice, on the facts of this case. (Cf. People v. Hueston, 34 N Y 2d 116, 120-123.) Additionally, it is my opinion that if the defendant receives a pretrial notice pursuant to CPL 700.70 he would have standing to bring a motion of the type now before me.
The defendant’s motion therefore, is denied, without prejudice to renew at a future date.